Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Michael J. Ellis
Assistant United States Attorney
Post Office Box 1494
Spokane, Washington 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>STEPHANIE MICHELLE BEASLEY,<br><br>    Defendant. | Case No. 2:22-CR-00146-RMP<br><br>GOVERNMENT'S SENTENCING MEMORANDUM |

Plaintiff, United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Michael J. Ellis, Assistant United States Attorney for the Eastern District of Washington, submits the following sentencing memorandum.

I. BACKGROUND

The Government agrees with the Offense Conduct summary outlined in paragraphs nine through nineteen of the Presentence Investigation Report. *See* ECF No. 22 at ¶¶ 9–19. The Defendant, a supervisor at Sound Telecom, a call center in Spokane, Washington, abused her position to steal credit card numbers from individuals who called to place orders with companies who contracted their telephone service to Sound Telecom. The Defendant would both "snip" financial information and use her supervisory privileges to email herself copies of recorded telephone calls containing billing information that Sound Telecom retained to improve their customer

GOVERNMENT'S SENTENCING MEMORANDUM - 1

service experience. During the spring of 2020 the Defendant used the stolen credit card numbers – associated with at least 47 different people – to place thousands of dollars of food deliveries and other orders in Spokane.

## II. SENTENCING CALCULATIONS

### A. Base Offense Level & Enhancements

The Government agrees that the Defendant's base offense level is six (6) and that the following specific offense characteristics apply:

- -a four (4) level increase as the loss attributable to the Defendant's conduct is more than $15,000 but less than $40,000, and
- -a two (2) level increase as the offense involved 10 or more victims.

Further, the Government agrees that a two (2) level increase is appropriate as the Defendant abused her supervisory position with Sound Telecom to commit the offense. The Government concurs with the Presentence Investigation Report that the Defendant merits a two (2) level reduction under U.S.S.G. § 3E1.1(a). Finally, the Government agrees that the Defendant has zero (0) criminal history points and a resulting Criminal History Category of I.

As such, the Defendant's total, adjusted offense level is twelve (12) for a guideline sentencing range of ten (10) to sixteen (16) months.

### B. Departures

The Government is not seeking an upward departure in this matter.

## III. SENTENCING FACTORS UNDER 18 U.S.C. § 3553(a)

In determining the appropriate sentence, this Court should consider the factors as set forth in 18 U.S.C. § 3553(a).

### A. <u>The nature and circumstances of the offense and the history and characteristics of the Defendant</u>

Many people in the community have, when placing orders over the telephone, heard a familiar message indicating that the call might be recorded to improve the "customer service experience" offered by the company. None would guess that their

GOVERNMENT'S SENTENCING MEMORANDUM - 2

recorded call – where sensitive information, such as credit card details, social security numbers, and other personal information are commonly shared – would be coopted and utilized by a rouge employee to, in essence, steal some fragment of their identity to place thousands of dollars worth of food and other delivery orders. Yet that is exactly the conduct engaged in by the Defendant. And while the Government has not been made aware of any particular consequences suffered by one of the consumers, it is not difficult to believe that many risked or suffered an adverse impact on their credit rating or some other common detriment following an identity theft.

The same is not true for the Defendant's former employer, Sound Telecom. As documented by Sound Telecom's General Manager, the company directly lost thousands of dollars of annual business as a result of the Defendant's conduct. This financial loss is in addition to a potentially steeper reputational one, as individuals and client companies must be able to trust that their financial information will be handled responsibly when relaying it over the phone. As outlined by Mr. Gabriel, the Defendant's actions jeopardized that trust. The Defendant also betrayed not only her employer but her co-workers as the Defendant's actions damaged Sound Telecom's – an employee-owned company – value.

The Government is mindful that the Defendant has no criminal history and appears to have begun the process of straightening out her life. But, per the Presentence Investigation Report, the Defendant does not appear to been motivated by some of the same vices – drugs, gambling, etc. – that have spurred the criminal conduct of other defendants convicted of fraud before this Court. Instead the Defendant appears to have been motivated by greed – for take-out food, for handbags, for concert tickets. The Defendant stole from and harmed others simply to buy things she wanted but couldn't afford. Such conduct – lacking a motive that might otherwise garner some sympathy – merits a sanction beyond, as the Government believes the Defendant will recommend, probation.

GOVERNMENT'S SENTENCING MEMORANDUM - 3

As anticipated in the Plea Agreement, the Government recommends that the Court impose a sentence at the low end of the sentencing guideline range – ten months imprisonment. *See* ECF No. 18 at 10.  Such a sentence is necessary to impart on the Defendant and other similarly situated persons who contemplate defrauding their employers the understanding that such actions carry consequences. In light of the many victims – individual consumers, Sound Telecom's clients, Sound Telecom itself, the Defendant's co-workers, and the Spokane-area delivery business that was shorted by the Defendant's fraudulent conduct – and the lack of any apparent motive other than greed, a ten month sentence is sufficient, but not greater than necessary, to effectuate the purposes of sentencing.

Further, the Government requests that the Court impose a three (3) year term of supervised release. Given the Defendant's apparently unstable living situation over the past few years, a term of supervised release is appropriate to both assist the Defendant in re-integrating into and becoming a productive member of society.

    B. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment</u>

For the reasons discussed above, the Government asks that the Court sentence the Defendant to ten months imprisonment. Considering the nature of the offense and the Defendant's history, such a sentence is appropriate to reflect the seriousness of the conduct, promote respect for the law, and provide just punishment. The Government also asks that the Court order a three (3) year term of supervised release.

    C. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct</u>

As discussed above, a custodial sentence is necessary to deter similar future conduct by the Defendant and other similarly situated persons.

//

//

GOVERNMENT'S SENTENCING MEMORANDUM - 4

D. <u>The need for the sentence imposed to protect the public from further crimes of the Defendant</u>

As discussed above, the requested three (3) year term of supervised release will protect the public from future criminal conduct by the Defendant.

E. <u>The need for the sentence imposed to provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner</u>

The Defendant could utilize any term of imprisonment to participate in programming offered by the Bureau of Prisons.

F. <u>The kinds of sentences available</u>

The Court may sentence the Defendant to up to ten years in prison, a fine of up to $250,000, and three years of supervised release.

G. <u>The kind of sentence contemplated by the Sentencing Guidelines</u>

The Sentencing Guidelines contemplate a term of imprisonment.

H. <u>Any pertinent policy statements issued by the Sentencing Commission</u>

There are no pertinent policy statements in this case.

I. <u>The need to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct</u>

A sentence within the advisory guideline range would avoid unwarranted sentence disparities.

J. <u>The need to provide restitution to any victims of the offense</u>

In the Plea Agreement, the Defendant agreed that restitution would be appropriately ordered to, among others, Treehouse Deliveries, Pizza Hut, and Sound Telecom. *See* ECF No. 18 at 13. The Government requests that the Court order restitution as outlined in the Presentence Investigation Report:

-$14,728.43 – Treehouse Deliveries

-$416.57 – Pizza Hut

-$200 – Sound Telecom

GOVERNMENT'S SENTENCING MEMORANDUM - 5

## IV. GOVERNMENT'S SENTENCING RECOMMENDATION

As discussed above, the Government recommends that the Court impose a ten-month sentence followed by a three (3) year term of supervised release with the conditions outlined in the Presentence Investigation Report. *See* ECF No. 22 at 17–21. Such a sentence is sufficient, but not greater than necessary, to accomplish the purposes outlined in 18 U.S.C. § 3553(a).

Dated:  February 28, 2023.

> Vanessa R. Waldref
> United States Attorney
>
> *s/Michael J. Ellis*
> Michael J. Ellis
> Assistant United States Attorney

# **CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Colin G. Prince

                          *s/ Michael J. Ellis*
                          Michael J. Ellis
                          Assistant United States Attorney

GOVERNMENT'S SENTENCING MEMORANDUM - 7